# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:16-cv-00876

STEPHEN and CHRISTINA THOMAS; MELISSA JANKOWSKI; and DAWN ATCHISON and TODD REYNOLDS,

Plaintiffs,

v.

DOUGLAS COUNTY BOARD OF EDUCATION and DOUGLAS COUNTY SCHOOL DISTRICT,

Defendants.

## ANSWER

COME NOW Defendants Douglas County Board of Education and Douglas County School District (collectively, "Defendants"), who answer the Complaint as follows:

### INTRODUCTION

1.  Defendants admit that on March 15, 2016, the Douglas County Board of Education adopted the School Choice Grant Program. The text of the Policy (enclosed with the Complaint as Attachment #1) speaks for itself. The remaining allegations in paragraph 1 are legal conclusions, to which no response is required.

### PARTIES, JURISDICTION, AND VENUE

2.  Defendants lack knowledge sufficient to form a belief about the truth of the allegations in paragraph 2 of the Complaint, and so deny the same.

3.  Defendants lack knowledge sufficient to form a belief about the truth of the allegations in paragraph 3 of the Complaint, and so deny the same.

4.     Defendants lack knowledge sufficient to form a belief about the truth of the allegations in paragraph 4 of the Complaint, and so deny the same.

5.     Defendants admit the first sentence of paragraph 5, namely, that the Douglas County Board of Education is a seven-member elected body that governs and administers the public schools in the Douglas County School District. Defendants admit the second sentence of paragraph 5 of the Complaint to the extent that Defendants intend to implement the School Choice Grant Program, but the characterization of their actions as "unlawful" and the request for injunctive relief are legal conclusions and requests to which no response is required.

6.     Defendants admit paragraph 6 of the Complaint.

7.     Defendants admit that this Court has jurisdiction over this action.

8.     Defendants admit that venue in this Court is proper.

### STATEMENT OF FACTS

9.     Defendants admit paragraphs 9-23 of the Complaint.

10.    Paragraph 24-26 of the Complaint consist of legal conclusions, to which no response is required from the Defendants. Defendants admit that they filed a petition to the United States Supreme Court in the *Taxpayers for Public Education* case (enclosed with the Complaint as Attachment #2). That document speaks for itself.

11.    Paragraph 27 consists of a legal conclusion to which no response is required from the Defendants.

12.    Defendants lack knowledge sufficient to form a belief about the truth of the allegations in paragraphs 28-61 of the Complaint, and so deny the same. However, Defendants admit that Valor Christian High School cannot participate in the School Choice Grant Program because it is a religious school, as alleged in paragraphs 39, 48, and 60.

## COUNT I: FREE EXERCISE OF RELIGION

13. Defendants reiterate their respective responses to paragraphs 1-61 herein in answer to paragraph 62.

14. Paragraphs 63-71 are characterizations or conclusions of the law to which no response is required.

15. Defendants admit paragraph 72 of the Complaint as to its characterization of Article IX, section 7 of the Colorado Constitution. Regarding the last sentence of paragraph 72, it is a legal conclusion to which no response is required.

16. Paragraph 73 is a legal conclusion to which no response is required.

## COUNT II: ESTABLISHMENT OF RELIGION

17. Defendants reiterate their respective answers to paragraphs 1-74 herein in answer to paragraph 74 of the Complaint.

18. Paragraphs 75-81 are characterizations or conclusions of the law to which no response is required.

## COUNT III: EQUAL PROTECTION OF THE LAWS

19. Defendants reiterate their respective answers to paragraphs 1-81 herein in answer to paragraph 82 of the Complaint.

20. Paragraphs 83-91 are characterizations or conclusions of the law to which no response is required from the Defendants.

21. Defendants admit paragraph 92 of the Complaint as to its characterization of Article IX, section 7 of the Colorado Constitution.

22. Paragraph 93 is a legal conclusion to which no response is required.

## COUNT IV: FREEDOM OF SPEECH

23. Defendants reiterate their respective answers to paragraphs 1-93 herein in answer to paragraph 94 of the Complaint.

24. Paragraphs 95-102 are characterizations or conclusions of the law to which no response is required from the Defendants.

25. Defendants admit paragraph 103 of the Complaint as to its characterization of Article IX, section 7 of the Colorado Constitution.  Regarding the last sentence of paragraph 103, it is a legal conclusion to which no response is required.

26. Paragraph 93 is a legal conclusion to which no response is required.

## COUNT V: DUE PROCESS

27. Defendants reiterate their respective answers to paragraphs 1-104 herein in answer to paragraph 105 of the Complaint.

28. Paragraphs 106-112 are characterizations or conclusions of the law to which no response is required.

29. Defendants admit paragraph 113 of the Complaint as to its characterization of Article IX, section 7 of the Colorado Constitution.  Regarding the last sentence of paragraph 113, it is a legal conclusion to which no response is required.

30. Paragraph 114 is a legal conclusion to which no response is required.

## GENERAL DENIAL

31. Defendants deny all allegations set forth in the Complaint not specifically admitted in this Answer.

## AFFIRMATIVE DEFENSES

1. The School Choice Grant Program is authorized by Colorado law, and the religious exclusion is required by the Colorado Supreme Court's current interpretation of Article IX, Section 7 of the Colorado Constitution. *See Taxpayers for Public Education v. Douglas County School District*, 2015 CO 50; *Taxpayers for Public Education v. Douglas County School District*, 2013 COA 20; *Taxpayers for Public Education v. Douglas County School District*, Denver Dist. Ct., Case Nos. 11-CV-4424 & 11-CV-4427.

2. Plaintiffs fail to state any claims upon which relief may be granted.

## PRAYER FOR RELIEF

Paragraphs A-E on pages 20-21 of the Complaint consist of Plaintiffs' prayer for relief, to which no response is required. To the extent a response is deemed required, Defendants deny Plaintiffs are entitled to the requested relief or to any relief whatsoever.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendants pray for a judgment dismissing the Complaint with prejudice and for such further relief as the Court may deem just.

DATED:  May 10, 2016

Respectfully submitted,

*s/Eric V. Hall*
James M. Lyons
Eric V. Hall
Lewis Roca Rothgerber Christie LLP
90 S. Cascade Avenue, Suite 1100
Colorado Springs, CO 80903
(719) 386-3000
jlyons@lrrc.com
ehall@lrrc.com

*s/Robert Ross*
Robert Ross
Staff Legal Counsel
Douglas County School District
620 Wilcox Street
Castle Rock, CO 80104
(303) 387-0275
Robert.ross@dcsdk12.org

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of May, 2016, a copy of the foregoing was filed with this Clerk of the Court using the CM/ECF System, which will send notification to the following:

| | |
|---|---|
| Michael E. Bindas | Timothy D. Keller |
| Institute for Justice | Institute for Justice |
| 10500 NE 8th Street, Suite 1760 | 398 S. Mill Avenue, Suite 301 |
| Bellevue, WA 98004 | Tempe, AZ 85281 |
| mbindas@ij.org | tkeller@ij.org |

*s/Arlene K. Martinez*
Arlene K. Martinez