**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:16-cv-00876

STEPHEN and CHRISTINA THOMAS; MELISSA JANKOWSKI; and DAWN ATCHISON and TODD REYNOLDS,

    Plaintiffs,

v.

DOUGLAS COUNTY BOARD OF EDUCATION and DOUGLAS COUNTY SCHOOL DISTRICT,

    Defendants.

---

**EMERGENCY MOTION FOR LEAVE TO FILE REPLY BRIEF
IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

---

### I.    INTRODUCTION

Plaintiffs hereby request leave of the Court to file a reply brief, no later than June 3, 2016, addressing issues that the Defendant-Intervenors (hereinafter "Intervenors') have indicated they will raise in their brief opposing Plaintiffs' motion for a preliminary injunction.[1] In addition, in order to counter allegations of improper collusion between Plaintiffs and Defendants, Plaintiffs request leave to file a declaration and exhibits for the Court's eyes only, as they will contain attorney work-product involving confidential past and future strategy in cases in which Intervenors' attorneys are Plaintiffs' attorneys' opponents.

---

[1] On May 27, 2016, the Court directed the Intervenors "to provide Plaintiffs' and Defendants' counsel a draft of the issue or arguments they intend to file in their response [to Plaintiffs' preliminary injunction motion] by 9:00 a.m. on May 31, 2016." *See* Courtroom Minutes/Minute Order 1 (May 27, 2016), ECF No. 30 (emphasis omitted). Intervenors provided this notice at 9:12 a.m. this morning.

At the time Plaintiffs filed their motion for a preliminary injunction, Defendants already had filed their answer. Thus, Plaintiffs knew the defenses that Defendants had raised and could see what they needed to address in their preliminary injunction brief. Plaintiffs' brief focused on the four factors for preliminary injunction, particularly likelihood of success, and cited admissions made by Defendants in their answer.

Intervenors, however, have entered this case six weeks after its filing, and Plaintiffs did not have the benefit of seeing their pleadings prior to filing the preliminary injunction motion. Intervenors are raising different issues, including subject matter jurisdiction and whether this Court should refrain from resolving this entire case until another case has concluded in approximately one year. In addition, Intervenors have not made the same factual admissions as Defendants, so Plaintiffs' citations to Defendants' admissions in the motion may be inadequate.

Plaintiffs therefore request leave to file a reply brief on June 3, 2016, accompanied by a judge-eyes-only declaration of counsel and exhibits.

## II.    ARGUMENT

### A. This Court should not decide subject matter jurisdiction or stay the case for a year without briefing from both sides.

As required by this Court's May 27, 2016, order, the Intervenors have informed the Plaintiffs that, in their opposition to Plaintiffs' motion for a preliminary injunction, the Intervenors will argue that this Court lacks subject matter jurisdiction over this action and that the Court should refrain from granting injunctive relief in this case to await the outcome of the petitions for certiorari in the U.S. Supreme Court requesting review of the Colorado Supreme Court's decision invalidating Douglas County's earlier Choice Scholarship Program. As both of these rulings would deny these Plaintiffs any remedy at all in this lawsuit, this Court should at

least hear briefing from the Plaintiffs before ruling. *See Couri v. Town/Vill. of Harrison*, No. 93 CIV. 4393 (VLB), 1993 WL 347449, at *2 (S.D.N.Y. Sept. 13, 1993) (refusing to dismiss case for lack of subject matter jurisdiction because "fairness," "adequate notice," and "opportunity to be heard prior to dispositive judicial action" required giving plaintiff the opportunity to file a memorandum of law on the issue); *Blackwell v. City & Cty. of San Francisco*, No. C07-04629 SBA, 2009 WL 195921, at *2 (N.D. Cal. Jan. 26, 2009) ("[A] dismissal of the claim without an opportunity to be heard . . . prejudices this plaintiff"); *Council of Federated Organizations v. Mize*, 339 F.2d 898, 900-01 (5th Cir. 1964) ("The dismissal of the complaint for failure to state a claim was, as has been stated, without a hearing and without an opportunity to be heard. The right of a litigant to be heard is one of the fundamental rights of due process of law. A denial of the right requires a reversal.").

Plaintiffs did not address these issues in their brief in support of their motion for a preliminary injunction. That is because the Defendants did not move to dismiss but instead answered the Plaintiffs' complaint on the merits, narrowing the issues to pure constitutional questions. Defendants neither asserted a lack of jurisdiction nor indicated that injunctive relief was inappropriate given the pendency of *Taxpayers for Public Education*, and Plaintiffs, accordingly, did not address these defenses.

Intervenors entered this action six weeks after it began. Plaintiffs did not have the benefit of their pleadings when Plaintiffs wrote the preliminary injunction motion, and consequently did not address these questions at all, other than to describe the history of the related litigation.

**1.     This Court should not decide whether it has subject matter jurisdiction over the case without the benefit of any briefing from Plaintiffs.**

Intervenors' argument that this Court lacks subject matter jurisdiction is based on a false factual premise—that Plaintiffs and Defendants have colluded in the litigation of the instant lawsuit. Plaintiffs are in a position to refute this claim and would like to do so. Moreover, Intervenors' argument regarding lack of subject matter jurisdiction is foreclosed by the U.S. Supreme Court's recent holding in *United States v. Windsor*, ___ U.S. ___, 133 S. Ct. 2675 (2013), as well as *INS v. Chadha*, 462 U.S. 919 (1983), and Plaintiffs would like an opportunity to explain the application of those decisions to this case.

**2.  This Court should not stay the case or refrain from issuing an injunction, thus depriving Plaintiffs of *any* relief, without the benefit of briefing from Plaintiffs.**

Dismissing the case obviously would deprive Plaintiffs of relief. But staying this case or refraining from issuing an injunction until the proceedings in *Taxpayers for Public Education v. Douglas County School District*, 2015 CO 50, are resolved would also deprive Plaintiffs of any relief. *Taxpayers for Public Education* will not be resolved for approximately one year, perhaps longer, and if Plaintiffs choose to attend Valor Christian School in the fall of 2016 while this case is stayed or while this Court awaits resolution of *Taxpayers for Public Education*, they will be *permanently* disqualified from participation in the School Choice Grant Program. In other words, granting a stay or awaiting resolution of *Taxpayers for Public Education* will be to deny these Plaintiffs any relief in this suit.

**a.  A stay is likely to be lengthy—one year or even longer.**

If this Court stays litigation of this case, that stay is likely to last for a year, possibly longer. There are petitions for certiorari pending in the U.S. Supreme Court seeking review of the Colorado Supreme Court's judgment in *Taxpayers for Public Education v. Douglas County*

*School District*, 2015 CO 50. The U.S. Supreme Court did not rule on the petitions in this past term but instead appears to be holding them. It has granted certiorari in a different case, *Trinity Lutheran Church of Columbia*, No. 15-577 (U.S.), which involves the application of the Free Exercise and Equal Protection Clauses to public programs that provide aid to institutions (as opposed to students). It is possible, but not inevitable, that the opinion in *Trinity Lutheran* will decide or at least impact *Taxpayers for Public Education*.

Plaintiffs therefore anticipate that the Court will consider *Trinity Lutheran*, which will be argued next term, decide it, and then decide whether to (a) grant certiorari in *Taxpayers for Public Education*; (b) grant certiorari in *Taxpayers for Public Education*, but then immediately vacate and remand for reconsideration in light of *Trinity Lutheran*; or (c) deny certiorari. Thus, *Taxpayers for Public Education* is unlikely to be resolved before 2017 and, if certiorari is granted, it could be late 2017, or even 2018, before a U.S. Supreme Court decision and a decision on remand.

      **b.**    **Students' future eligibility for the School Choice Grant Program will be determined by what school they go to in the fall of 2016.**

As explained in Plaintiffs' motion for a preliminary injunction, decisions are occurring in June that will determine whether Plaintiffs' children can take advantage of the School Choice Grant Program in the upcoming 2016-17 school year. If this Court stays this case or refrains from issuing an injunction pending resolution of *Taxpayers for Public Education*, Plaintiffs will have to choose between: (1) sending their children to a public school, thereby foregoing their religious conviction and right to have their children educated in a religious school; and (2) sending their children to a religious school, thereby forever foregoing participation in the School Choice Grant Program, even if the religious exclusion is eventually held unconstitutional.

Plaintiffs are not happy with the public schools they would have to attend in order to remain eligible for the grant program in the future, and if this Court stays this case or refrains from issuing injunctive relief pending resolution of *Taxpayers for Public Education*, they would have to remain in such a school for one or two academic years. On the other hand, because the program, by its terms, is available only to children currently attending a public school, if Plaintiffs' children attend Valor Christian while this Court awaits resolution of *Taxpayers for Public Education*, they will forever lose their eligibility for the School Choice Grant Program.

In short, if the Court stays this case or refrains from issuing injunctive relief pending resolution of *Taxpayers for Public Education*, the passage of time will mean Plaintiffs will be unable to obtain any remedy. The Court should not consider such a drastic action without the benefit of briefing from the Plaintiffs.

**B.     Plaintiffs request leave to file a declaration for this Court's eyes only regarding the Intervenors' allegations of collusion between Plaintiffs and Defendants in this case.**

Intervenors have falsely accused Plaintiffs of colluding with Defendants in bringing this lawsuit. To prove that these allegations are false, however, Plaintiffs' counsel would have to divulge both internal discussions among Plaintiffs' attorneys and communications between Plaintiffs' and Defendants' counsel in conjunction with their defense of the Choice Scholarship Program in *Taxpayers for Public Education*. These discussions and communications represent the work-product of Plaintiffs' counsel and concern both past and future strategies in both *Taxpayers for Public Education* and this case. Intervenors' counsel represent the opponents of the parties represented by Plaintiffs' counsel in both cases. Plaintiffs' counsel do not wish to reveal this information to Intervenors' counsel but are confident that this Court will immediately conclude there has been no collusion whatsoever in this case.

Accordingly, Plaintiffs move for leave to submit a declaration and exhibits for this Court's eyes only. *See Struzyk v. Prudential Ins. Co. of Am.*, No. CIV. 99-1736, 2003 WL 21302964, at *2 (D. Minn. May 16, 2003) (holding magistrate judge properly reviewed affidavits in camera: "These affidavits were submitted *in camera* so they could reveal information that might be protected by the work product doctrine or the attorney client privilege. . . . [T]he very nature of the attorney-client privilege and work product doctrine demands that information about disputed documents be limited."); *Berwick v. Hartford Fire Ins. Co.*, No. 11-CV-01384, 2012 WL 573939, at *5 (D. Colo. Feb. 21, 2012) (denying motion to compel because it "might seek legal opinions or privileged information, particularly that which may reveal [a party's] strategies or work product"); *Ins. Co. of N. Am. v. Union Carbide Corp.*, 35 F.R.D. 520, 522 (D. Colo. 1964) ("[D]ocuments embodying the mental impressions of counsel, his legal conclusions, factual analysis, and strategy . . . are normally not discoverable because of a strong public policy of preserving inviolate the plans and analysis of counsel in preparation for trial.").

**C.    Plaintiffs request leave to submit reply briefing on whether Colorado's Blaine Amendment is the product of anti-Catholic bigotry.**

One issue courts commonly consider in deciding Free Exercise and Equal Protection claims like those Plaintiffs have brought in this case is whether the government action at issue is the product of anti-religious animus. *See, e.g.*, *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520 (1993). Plaintiffs presented only cursory briefing on the anti-Catholic history of Colorado's Blaine Amendment, because Defendants conceded this history in their answer. *See* Answer ¶¶ 15, 21, 25, 29, ECF No. 12 (admitting that "Article IX, section 7 of the Colorado Constitution is a 'Blaine Amendment,'" that "it was motivated by an anti-religious and, more specifically, anti-Catholic animus," and that "its history, text, and operation evince an

object of anti-religious animus"). Accordingly, Plaintiffs cited to Defendants' answer in their preliminary injunction brief. *See* Memo. in Support of Pls.' Mot. for Prelim. Inj. 25, 27, ECF No. 14. Intervenors, however, do not admit this history and instead maintain that the Blaine Amendment did not have an anti-Catholic purpose. As this is an important factual question that bears on the claims in this case, Plaintiffs request leave to file a reply brief in order to address it.

### III.   CONCLUSION

For all the reasons stated above, Plaintiffs hereby move for leave to file a reply brief responding to Intervenors' opposition to Plaintiffs' motion for preliminary injunction, accompanied by a declaration of counsel, with exhibits, for this Court's eyes only.

DATED:  May 31, 2016

Respectfully submitted,

s/ Michael E. Bindas
Michael E. Bindas
INSTITUTE FOR JUSTICE
10500 NE 8th Street, Suite 1760
Bellevue, WA 98004
Telephone:  (425) 646-9300
FAX:  (425) 990-6500
Email:  mbindas@ij.org

Timothy D. Keller
INSTITUTE FOR JUSTICE
398 S. Mill Avenue, Suite 301
Tempe, AZ 85281
Telephone:  (480) 557-8300
FAX:  (480) 557-8315
Email:  tkeller@ij.org

*Attorneys for Plaintiffs Stephen and Christina Thomas; Melissa Jankowski; and Dawn Atchison and Todd Reynolds*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 31, 2016, I electronically filed the foregoing Reply Brief in Support of Plaintiffs' Motion for Preliminary Injunction, as well as the accompanying Second Affidavit of Michael E. Bindas, with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

James M. Lyons
Eric V. Hall
Stacy Guillon
LEWIS ROCA ROTHGERBER CHRISTIE LLP
90 S. Cascade Avenue, Suite 1100
Colorado Springs, CO 80903
jlyons@lrrc.com
ehall@lrrc.com
Sguillon@lrrc.com

*Attorneys for Defendants Douglas County Board of Education and Douglas County School District*

Matthew J. Douglas
Timothy R. Macdonald
Michelle K. Albert
ARNOLD & PORTER LLP
370 17th Street, Suite 4400
Denver, CO  80202-1370
Matthew.Douglas@aporter.com
Timothy.Macdonald@aporter.com
Michelle.Albert@aporter.com

*Attorneys for Intervenors James LaRue, Suzanne T. LaRue, Interfaith Alliance of Colorado, Rabbi Joel R. Schwartzman, Kevin Leung, Christian Moreau, Maritza Carrera, and Susan McMahon*

Michael S. McCarthy
Colin C. Deihl
Ll. Rhyddid Watkins
FAEGRE BAKER DANIELS LLP

1700 Lincoln Street, Suite 3200
Denver, Colorado 80203
michael.mccarthy@FaegreBD.com
colin.deihl@FaegreBD.com
rhyddid.watkins@FaegreBD.com

*Attorneys for Intervenors Taxpayers for Public Education, Cindra S. Barnard, and Mason S. Barnard*

I further certify that on May 31, 2016, I sent a copy of the foregoing Reply Brief in Support of Plaintiffs' Motion for Preliminary Injunction, as well as the accompanying Second Affidavit of Michael E. Bindas, via First Class U.S. Mail to:

Robert Ross
Staff Legal Counsel
DOUGLAS COUNTY SCHOOL DISTRICT
620 Wilcox Street
Castle Rock, CO 80104
Robert.ross@dcsdk12.org

*Attorney for Defendants Douglas County Board of Education and Douglas County School District*

Mark Silverstein
Sara Neel
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF COLORADO
303 E. 17th Street, Suite 350
Denver, CO 80203
msilverstein@aclu-co.org
sneel@aclu-co.org

Daniel Mach
Heather L. Weaver
ACLU FOUNDATION PROGRAM ON FREEDOM OF RELIGION AND BELIEF
915 15th Street NW, Suite 600
Washington, DC 20005
dmach@aclu.org
hweaver@aclu.org

-11-

Richard B. Katskee
Alex J. Luchenitser
AMERICANS UNITED FOR SEPARATION OF CHURCH AND STATE
1901 L Street NW, Suite 400
Washington, DC 20036
katskee@au.org
luchenitser@au.org

*Attorneys for Intervenors James LaRue, Suzanne T. LaRue, Interfaith Alliance of Colorado, Rabbi Joel R. Schwartzman, Kevin Leung, Christian Moreau, Maritza Carrera, and Susan McMahon*

                                              s/ Michael E. Bindas
                                              Michael E. Bindas